UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. MATTHEW PHILLIPS and ALI SHAHROKHI,<br><br>Plaintiffs<br><br>v.<br><br>VINCENT OCHOA, et al.,<br><br>Defendants | Case No.: 2:21-cv-00483-APG-NJK<br><br>**Order Granting Motion to Dismiss and Denying Motion for Preliminary Injunction**<br><br>[ECF Nos. 13, 15] |

Plaintiffs T. Matthew Phillips and Ali Shahrokhi are litigating divorce and child custody cases in Nevada state court. They have filed numerous lawsuits in this federal court challenging rulings in their state proceedings. In this case they allege, among other things, that the judges in their respective state cases have entered child custody orders that violate their rights to parent, to familial association, to be free from excessive punishment, and to equal protection. They also sue Nevada Attorney General Aaron Ford, but assert no claims against him, seeking only an order barring him from enforcing various Nevada child custody laws.

The defendants move to dismiss this lawsuit because the *Younger* abstention doctrine precludes federal courts from interfering with state court proceedings. This is especially true when, as here, the plaintiff's federal claims arise from domestic relations proceedings, which are traditionally left to the state courts. I agree, so I will grant the motion to dismiss.

*Younger* abstention applies in only three "exceptional categories." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 78 (2013). Specifically, *Younger* "preclude[s] federal intrusion into ongoing state criminal prosecutions . . . certain civil enforcement proceedings, . . . and pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability

to perform their judicial functions." *Id.* (internal quotations omitted) (quoting *New Orleans Public Service, Inc. v. Council of City of New Orleans* (*NOPSI*), 491 U.S. 350, 368 (1989). Prior to the *Sprint* decision but after *NOPSI*, the Ninth Circuit held that family law matters are "precisely the type of case suited to *Younger* abstention." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613-14 (9th Cir. 2000). *Sprint* does not alter this result because issues of domestic relations are uniquely in furtherance of state court functions.

> A state has a vital interest in protecting "the authority of the judicial system, so that its orders and judgments are not rendered nugatory." *Juidice v. Vail*, 430 U.S. 327, 336 n. 12, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977). This is a particularly appropriate admonition in the field of domestic relations, over which federal courts have no general jurisdiction, *see Ankenbrandt v. Richards*, 504 U.S. 689, 697–701, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), and in which the state courts have a special expertise and experience.

*Id.*[1] Dismissal is required when *Younger* applies. *San Remo Hotel v. City & Cnty. of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

The plaintiffs are actively litigating their custody issues in state court. Nevada has a strong interest in how domestic relations issues are resolved. Nothing precludes the plaintiffs from litigating their federal claims in the state court actions. Therefore, I will dismiss the claims under *Younger* without reaching the other grounds for dismissal raised by the defendants.

I also dismiss defendant Ford from this case because no claims are asserted against him. And I deny the plaintiffs' motion for preliminary injunction (ECF No. 13) and their numerous requests for judicial notice as moot.

---

[1] *See also Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) ("[F]ederal courts have uniformly held that they should not adjudicate cases involving domestic relations, including the custody of minors and *a fortiori*, the rights of visitation." (internal quote omitted)).

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 15) is granted** and the plaintiffs' motion for preliminary injunction **(ECF No. 13) is denied.** The complaint is dismissed in its entirety.

I ORDER the clerk of the court to enter judgment accordingly and close this case.

DATED this 15th day of June, 2021.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE